IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| SHEILA MCCONN, | ) |
| | ) |
| | ) 2:21-CV-01177-MJH |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DOLLAR GENERAL CORPORATION, | ) |
| | ) |
| Defendant, | |

OPINION AND ORDER

Plaintiff, Sheila McConn, brought the within action against Defendant, Dollar General Corporation, for negligence when one of its shelving displays allegedly caused injury to Ms. McConn. (ECF No. 1-2). Dollar General now moves for summary judgment. (ECF No. 24).

After consideration of Dollar General's Motion for Summary Judgment (ECF No. 24), the respective briefs (ECF Nos. 25, 32, and 34), Concise Statement of Material Facts and Responses (ECF No. 26, 33, and 34), the relevant pleadings, and for the following reasons, Dollar General' Motion for Summary Judgment will be denied.

I.  Background

On March 27, 2020, Ms. McConn allegedly suffered injuries as a result of "books falling on her" at Dollar General's retail store in Fredricktown, PA. (ECF No. 34 at ¶ 1). The alleged March 27th incident occurred at approximately 10:12 a.m. when Ms. McConn attempted to remove a book, titled *Duct Tape Mania*, "from the center of a book case in Dollar General." *Id*. at ¶ 2. After Ms. McConn obtained said book, "books began falling on her" and "a rack that holds the books in place that became dislodged." *Id*. at ¶ 3. Ms. McConn testified that *Duct*

*Tape Mania* was resting on a shelf at her eye level from her height of 5' 1 ½". *Id*. at ¶¶ 5-6.  The shelf was horizontal with two vertical racks or pieces on either end. *Id*. at ¶ 7.  Ms. McConn testified that the shelf was "jammed" with books.  *Id*. at ¶ 8.  In order to dislodge *Duct Tape Mania,* Ms. McConn testified she gave a swift tug to the book, and when she pulled the book out other books fell onto her and the vertical rack at the end of the shelf became dislodged. *Id*. at ¶ 10.

Following the incident, store manager, Cassie Wolpink, observed approximately 20 books on the floor, and she placed those books back on the top shelf and reattached the vertical rack.  *Id*. at ¶¶ 37-38.  Ms Wolpink testified that one of her employees stocked the books on the shelf, and that the store had no protocol as to how many books are allowed to be stocked on a particular shelf.  *Id*. at ¶¶ 41-43.

In its Motion for Summary Judgment, Dollar General seeks judgement in its favor because Ms. McConn has not raised a genuine issue of material fact that Dollar General either created the condition allegedly caused by the jammed books on the bookshelf or that Dollar General had notice of such alleged condition.

II.     Standard of Review

According to Federal Rule of Civil Procedure 56, a court must grant summary judgment where the moving party "shows that there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  For a dispute to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party."  *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 213 (3d Cir. 2017) (internal quotations omitted).  Additionally, for a factual dispute to be material, it must have an effect on the outcome of the suit.  *Id.*  In reviewing and evaluating the evidence to rule upon a

motion for summary judgment, the court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the" non-moving party. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (internal quotations omitted). However, where "the non-moving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,'" the moving party is entitled to judgment as a matter of law. *Moody*, 870 F.3d at 213 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "Discredited testimony is not normally considered a sufficient basis for drawing a contrary conclusion. Instead, the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id.* at 256-57 (internal citation omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted). Judges are not "required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of the party." *Id.* at 251 (internal citation omitted).

III.   Discussion

Dollar General contends that it cannot be negligent because Ms. McConn is unable to raise a genuine issue of material fact that Dollar General either created the condition allegedly caused by the jammed books on the bookshelf or that Dollar General had notice of that alleged condition. Specifically, Dollar General maintains that no evidence exists in the record to support

3

Ms. McConn's position that the alleged accident occurred because the shelf was "overstocked" or improperly maintained by Dollar General, and that there is no evidence in the record that Dollar General knew or should have known that the books were "jammed" on the shelf or that the vertical rack would become dislodged. In response, Ms. McConn contends that she has demonstrated the requisite notice required for business invitee liability and that Defendant's employee and/or agent helped create the harmful condition which caused her injuries.

To establish liability to a business invitee, the plaintiff must prove that an allegedly defective condition was the direct result of the negligence of the defendant or that the defendant knew or in the exercise of reasonable care should have known of the existence of the condition. Hess v. Sun Ray Drug Co., 387 Pa. 199, 127 A.2d 699 (1956); *Moultrey v. Great Atlantic & Pacific Tea Co.*, 281 Pa. Super. 525, 422 A.2d 593, 596 (1980); *Rodgers v. Horn & Hardhat Baking Co.*, 183 Pa. Super. 83, 127 A.2d 762, 764 (1956). When a plaintiff is unable to prove actual notice of an allegedly dangerous condition, the plaintiff must at least show constructive notice. *Rodgers*, 127 A.2d at 764. "Constructive notice requires that the dangerous condition be apparent upon reasonable inspection." *Department of Transportation v. Patton*, 686 A.2d 1302, 1304 (Pa. 1997). Whether a defendant had either actual or constructive notice of a dangerous condition is a question of fact for the jury. *Id*. at 1305; *Medicus v. Upper Merion Township*, 475 A.2d 918, 921–22 (Pa.Cmwlth. 1984). A court may decide the issue "only when reasonable minds could not differ as to the conclusion." *Patton*, 686 A.2d at 1305. However, "[i]f there is any dispute created by the evidence, the court is not permitted to decide the issue." *Id*. (emphasis added).

Here, Ms. McConn has provided sufficient evidence that a reasonable jury could find that Dollar General either created the condition allegedly caused by the jammed books on the

bookshelf and that Dollar General had notice of that alleged condition.  With regard to creation and allegations of an "overstocked" shelf, the store manager, Ms. Wolpink, testified one of her employees stocked the books on the shelf and that there was no protocol or planogram for stocking books.   Based upon Ms. McConn's and Ms. Wolpink's testimony, there is a question of fact regarding whether Dollar General created the stocking and shelving scheme and/or its condition upon Ms. McConn's use of the same.  With regard to notice of the alleged overstock shelf, there lies a distinction in whether a jury could determine if actual or constructive notice would apply.  In constructive notice context, Ms. McConn maintains that the overstocked shelf could have been observed and corrected between the time the store opened at 8:00 a.m. and the incident, which occurred at 10:12 a.m.  However, this scenario only truly applies in the context of a transitory condition such as in the grocery store "fruit on the floor" cases. *See, e.g. Martino v. Great Atl. & Pac. Tea Co.*, 419 Pa. 229, 213 A.2d 608 (1965); *Moultrey v. Great A & P Tea Co.*, 281 Pa.Super. 525, 527, 422 A.2d 593, 594 (1980).  In this case, the proffered transitory condition would be the overstocked books as created by another customer that allegedly should have been discovered between the store's opening at 8:00 a.m. and the incident at 10:12 a.m.  However, as observed in *Martino*, "[t]here is no evidence from which the jury might reach a conclusion as to the cause of the presence of the grape in the aisle, and jurors may not be permitted to reach conclusions based upon guess or conjecture." 213 A.2d at 610.  Likewise, here, the record contains no evidence as to the cause of the overstocked books or when such condition may have occurred during the relevant time periods.  Therefore, Ms. McConn has presented an insufficient constructive notice scenario.

However, as to actual notice, Ms. Wolpink testified that, after the incident, she replaced the fallen books back on the top shelf and positioned them in "the same way" as before. (ECF

No. 31 at p. 86). Unlike the constructive notice scenario, the jury could infer that, based upon Ms. Wolpink repositioning the books in "the same way," she, and by extension, Dollar General had actual notice of the shelving conditions. Therefore, because questions of fact regarding condition creation and notice remain, the Court cannot find, as a matter of law, that Dollar General was not negligent.

Accordingly, Dollar General's Motion for Summary Judgment will be denied.

## ORDER

And Now this 19th day of December 2022, following consideration of Dollar General's Motion for Summary Judgment (ECF No. 24), the respective briefs (ECF Nos. 25, 32, and 34), Concise Statement of Material Facts and Responses (ECF No. 26, 33, and 34), the relevant pleadings, and for the reasons stated above, Dollar General's Motion for Summary Judgment is denied. A separate order will follow setting forth pre-trial procedures.

BY THE COURT:

MARILYN J. HORAN
United States District Judge